253. Admit that the payments alleged in Paragraph 252 of the Complaint total $112.5 million; aver that the allegations contained in the first sentence of Paragraph 253 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations); and otherwise deny the allegations contained in Paragraph 253 of the Complaint.

254. Aver that the allegations contained in Paragraph 254 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

255. Refer legal conclusions to the Court; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 of the Complaint.

256. Refer legal conclusions to the Court; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 256 of the Complaint.

## COUNT II

257. Repeat and reallege their responses to Paragraphs 1 through 256 of the Complaint as if fully set forth herein.

258. Admit that the following payments were made by a Refco entity: (i) on or about March 2, 2005, approximately $1.458 million to THL Managers as a management fee in accordance with the Management Agreement, (ii) in or about August 2005, approximately $40 million by Refco Inc. to the THL Investors as a dividend resulting from the underwriters' exercise of their over-allotment option in connection with the IPO, (iii) approximately $12.2 million to the THL Investors in gross tax distributions and other receipts, and (iv) on or about August 26, 2005, approximately $12.872 million to THL Managers representing a lump-sum

termination fee in accordance with the Management Agreement; deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the remaining payors of the foregoing amounts; refer to the IPO Registration Statement for a list of the costs and expenses payable by Refco in connection with the sale of its common stock in the IPO; and otherwise deny the allegations contained in Paragraph 258 of the Complaint.

259. Admit that the payments alleged in Paragraph 258 of the Complaint total $71.3 million; aver that the allegations contained in the first sentence of Paragraph 259 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations); and otherwise deny the allegations contained in Paragraph 259 of the Complaint.

260. Admit that the payments alleged in Paragraph 258 of the Complaint are alleged to have been made within one year of the filing of Refco's bankruptcy petition; and otherwise deny the allegations contained in Paragraph 260 of the Complaint.

261. Aver that the allegations contained in Paragraph 261 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

262. Aver that allegations contained in Paragraph 262 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

263. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263 of the Complaint.

264. Aver that the allegations contained in Paragraph 264 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

## COUNT III

265. Repeat and reallege their responses to Paragraphs 1 through 264 of the Complaint as if fully set forth herein.

266. Deny that the THL Partner Defendants exercised control over the business affairs of New Refco; and otherwise aver that the allegations contained in Paragraph 266 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

267. Refer to the document referenced for its true and complete contents; deny the allegations contained in the second sentence of Paragraph 267 of the Complaint; and otherwise aver that the allegations contained in Paragraph 267 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

268. Deny the allegations contained in the second sentence of Paragraph 268 of the Complaint; and otherwise aver that the allegations contained in Paragraph 268 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

269. Aver that the allegations contained in Paragraph 269 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

270. Deny the allegations contained in Paragraph 270 of the Complaint.

271.   Aver that the allegations contained in the first sentence of Paragraph 271 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations); and otherwise deny the allegations contained in Paragraph 271 of the Complaint.

272.   Deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Refco's insolvency deepened and its assets were dissipated so that its creditors could not be paid," and that "Refco entered into acquisitions costing hundreds of millions of dollars which it could not afford;" aver that the allegation that Refco "incurred hundreds of millions of dollars in related liabilities" in the IPO constitutes a legal conclusion to which no response is required (to the extent a response is required, the THL Defendants deny that allegation as directed at them); and otherwise deny the allegations contained in Paragraph 272 of the Complaint.

## COUNT IV

273.   Repeat and reallege their responses to Paragraphs 1 through 272 of the Complaint as if fully set forth herein.

274.   Deny that the THL Entities "exercised control over the business affairs of New Refco;" and otherwise aver that the allegations contained in Paragraph 274 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

275.   Refer to the document referenced for its true and complete contents; deny the allegations contained in the second sentence of Paragraph 275 of the Complaint; and otherwise aver that the allegations contained in Paragraph 275 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

276. Deny the allegations contained in the second sentence of Paragraph 276 of the Complaint; and otherwise aver that the allegations contained in Paragraph 276 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

277. Aver that the allegations contained in Paragraph 277 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

278. Deny the allegations contained in Paragraph 278 of the Complaint.

279. Aver that the allegations contained in the first sentence of Paragraph 279 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations); and otherwise deny the allegations contained in Paragraph 279 of the Complaint.

280. Deny the allegations contained in Paragraph 280 of the Complaint.

281. Deny the allegations contained in Paragraph 281 of the Complaint.

## COUNT V

282. Repeat and reallege their responses to Paragraphs 1 through 281 of the Complaint as if fully set forth herein.

283. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the officers of New Refco; and otherwise aver that the allegations contained in Paragraph 283 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

284. Aver that the allegations contained in Paragraph 284 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

285. Refer to the document referenced for its true and complete contents; and otherwise aver that the allegations contained in Paragraph 285 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

286. Aver that the allegations contained in Paragraph 286 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

287. Deny the allegations contained in Paragraph 287 of the Complaint.

288. Aver that the allegations contained in the first sentence of Paragraph 288 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations); and otherwise deny the allegations contained in Paragraph 288 of the Complaint.

289. Deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Refco's insolvency was deepened and its assets were dissipated so that its creditors could not be paid," and that "Refco entered into acquisitions costing hundreds of millions of dollars which it could not afford;" aver that the allegation that Refco "incurred hundreds of millions of dollars in related liabilities" in the IPO constitutes a legal conclusion to which no response is required (to the extent a response is required, the THL Defendants deny that allegation as directed at them); and otherwise deny the allegations contained in Paragraph 289 of the Complaint.

## COUNT VI

290. Repeat and reallege their responses to Paragraphs 1 through 289 of the Complaint as if fully set forth herein.

291. Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the officers of New Refco; and otherwise aver that the allegations contained in Paragraph 291 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

292. Aver that the allegations contained in Paragraph 292 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

293. Refer to the document referenced for its true and complete contents; and otherwise aver that the allegations contained in Paragraph 293 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

294. Aver that the allegations contained in Paragraph 294 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations).

295. Deny the allegations contained in Paragraph 295 of the Complaint.

296. Aver that the allegations contained in the first sentence of Paragraph 296 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations); and otherwise deny the allegations contained in Paragraph 296 of the Complaint.

297. Deny the allegations contained in Paragraph 297 of the Complaint.

298. Deny the allegations contained in Paragraph 298 of the Complaint.

## COUNT VII

299. Repeat and reallege their responses to Paragraphs 1 through 298 of the Complaint as if fully set forth herein.

300. Deny the allegations contained in Paragraph 300 of the Complaint.

301. Deny the allegations contained in Paragraph 301 of the Complaint.

302. Deny the allegations contained in Paragraph 302 of the Complaint.

## COUNT VIII

303. Repeat and reallege their responses to Paragraphs 1 through 302 of the Complaint as if fully set forth herein.

304. Refer to the corporate records of Refco for the actions taken by the Refco Board; and otherwise deny the allegations contained in Paragraph 304 of the Complaint.

305. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 305 of the Complaint; aver that the allegations contained in the second sentence of this Paragraph constitute legal conclusions to which no response is required (to the extent a response is required, the THL Defendants deny those allegations); and otherwise deny the allegations contained in Paragraph 305 of the Complaint.

## COUNT IX

306. Repeat and reallege their responses to Paragraphs 1 through 305 of the Complaint as if fully set forth herein.

307. Deny the allegations contained in Paragraph 307 of the Complaint.

## GENERAL DENIAL

With respect to the Complaint in its entirety, the THL Defendants deny that they participated in, knew of, with reasonable diligence could have known of, and/or are otherwise responsible for the fraudulent scheme perpetrated by Bennett and his co-conspirators and the other wrongdoing alleged. The THL Defendants further deny that they engaged in, assisted in or are in any way responsible for any wrongful or illegal conduct or any injuries or damages

allegedly suffered by Plaintiff or any entity or person on whose behalf he is asserting claims in this action, including any party that has assigned its claims to the Refco Litigation Trust. Except as expressly admitted above, all allegations addressed, referring or relating in any way to the actions, conduct or belief of any of the THL Defendants are denied.

### DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or suggesting that the THL Defendants bear the burden of proof on any of the following issues, as separate and independent defenses and/or affirmative defenses, the THL Defendants state as follows:

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff and those entities and persons he purports to represent have not suffered any actual injury or harm as a result of any action, inaction or conduct by the THL Defendants.

### THIRD DEFENSE

3. Plaintiff's claims are barred, in whole or in part, because the THL Defendants acted at all times in good faith, in accordance with applicable law and without knowledge of any wrongful acts or intent. Any and all actions taken by the THL Defendants were, at all times, lawful, proper and consistent with their duties and obligations, and the THL Defendants did not otherwise have any obligation or duty to take any other or different action.

**FOURTH DEFENSE**

4. Plaintiff's claims are barred, in whole or in part, because the conduct and actions of persons and/or entities other than the THL Defendants constituted a superseding or intervening cause of any damage, loss or injury allegedly sustained.

**FIFTH DEFENSE**

5. Plaintiff's claims are barred, in whole or in part, because to the extent, if any, Plaintiff and those entities and persons he purports to represent have suffered injury or loss, such injury or loss is the result of factors, events, actions or occurrences unrelated to any actions, omissions or alleged failures to act on the part of the THL Defendants and that are outside of and beyond the control of the THL Defendants, including the operation of external factors and events and the conduct, actions, omissions, negligence, and contributory and/or comparative fault of Refco itself (and/or any persons acting on its or their behalf) and/or other persons outside of the THL Defendants' control.

**SIXTH DEFENSE**

6. Plaintiff's claims are barred, in whole or in part, by the application of the business judgment rule.

**SEVENTH DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, to the extent that any of the claims are premised on conduct relating to matters that did not arise or accrue to them in their fiduciary capacities.

**EIGHTH DEFENSE**

8. The THL Defendants, in discharging their duties to Refco, if any, acted at all times in good faith and in the proper exercise of business judgment, and exercised at least that

degree of care, diligence and skill that an ordinarily prudent person would exercise in similar circumstances and in like positions.

### NINTH DEFENSE

9. Plaintiff's claims are barred, in whole or in part, by the terms of Refco Inc.'s Certificate of Incorporation and by Section 102(b)(7) of the Delaware General Corporation Law.

### TENTH DEFENSE

10. The THL Partner Defendants did not owe fiduciary duties to any Refco entity in which they did not own a controlling interest or otherwise control.

### ELEVENTH DEFENSE

11. The THL Individual Defendants did not owe fiduciary duties to any Refco entity in which they did not serve as members of the Board of Managers or Board of Directors or otherwise control during the relevant time period.

### TWELFTH DEFENSE

12. Plaintiff's claims are barred, in whole or in part, by Section 141(e) of the Delaware General Corporation Law.

### THIRTEENTH DEFENSE

13. The relief sought by Plaintiff is barred, in whole or in part, by Plaintiff's failure to join necessary, proper and/or indispensable parties to this action.

### FOURTEENTH DEFENSE

14. Plaintiff and those entities and persons he purports to represent are barred from any recovery to the extent they have failed to mitigate their damages.

**FIFTEENTH DEFENSE**

15. Plaintiff and those entities and persons he purports to represent are barred from any recovery to the extent they have failed to comply with applicable statutes of limitation.

**SIXTEENTH DEFENSE**

16. The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of laches, ratification, waiver, estoppel, equitable estoppel, *in pari delicto*, acquiescence, unclean hands and/or other related equitable doctrines.

**SEVENTEENTH DEFENSE**

17. The damages and other relief sought by Plaintiff are, in whole or in part, improper and unavailable to him and those entities and persons he purports to represent even if he or they could establish a claim.

**EIGHTEENTH DEFENSE**

18. The transfers alleged by Plaintiff may not be avoided and recovered pursuant to 11 U.S.C. §§ 548 and 550 to the extent such transfers occurred outside of the one-year period preceding the Petition Date.

**NINETEENTH DEFENSE**

19. The relief sought by Plaintiff is barred, in whole or in part, by the terms of the Fifth Amended Limited Liability Company Agreement of Refco Group and the New Refco Group Ltd., LLC Securityholders Agreement, dated August 5, 2004, as amended and restated (the "Securityholders Agreement").

**TWENTIETH DEFENSE**

20. In August 2004, following a due diligence process, the THL Investors invested approximately $452 million in Refco. Unbeknownst to the THL Funds, however, beginning sometime prior to 2004, Bennett, his co-conspirators and others (including other Refco

agents, officers, employees, representatives and others acting on his or their behalf) engaged in a fraudulent scheme designed to hide Refco's true financial condition and in connection therewith intentionally made material misrepresentations to and withheld material information from the THL Defendants. The THL Defendants had no involvement in, or knowledge of, that scheme. As a direct and proximate result of the fraud and willful misconduct of Bennett and his co-conspirators, the THL Funds, along with their affiliates and co-investors, have suffered damages in an amount representing what they already have lost, and will continue to lose, on their equity investment. Any judgment should be reduced accordingly.

### TWENTY-FIRST DEFENSE

21.  With the exception of the "Greenshoe Dividend," each of the transfers identified in paragraph 258 of the Complaint was intended by the respective debtor or debtors identified as a "Payor" and the respective entity or entities identified as a "Payee" to be a contemporaneous exchange for new value given to such "Payor" and was in fact a substantially contemporaneous exchange.

### TWENTY-SECOND DEFENSE

22.  With the exception of the "Greenshoe Dividend," each of the transfers identified in paragraph 258 of the Complaint was in payment of a debt incurred by the respective debtor or debtors identified as a "Payor" in the ordinary course of business or financial affairs of such debtor and the respective entity or entities identified as a "Payee" and such transfer was (a) made in the ordinary course of business or financial affairs of such debtor or debtors and such "Payee" and (b) made according to ordinary business.

### TWENTY-THIRD DEFENSE

23.  Each entity identified as a "Payee" in paragraph 258 of the Complaint gave new value to or for the benefit of the respective debtor or debtors identified as a "Payor"

after the respective identified transfer (a) not secured by an otherwise unavoidable security interest and (b) on account of which new value such debtor or debtors did not make an otherwise unavoidable transfer to or for the benefit of such "Payee."

### TWENTY-FOURTH DEFENSE

24.   The transfers alleged by Plaintiff to have been made between 90 days and one year before the Petition Date may not be avoided pursuant to 11 U.S.C. § 547 because, at the time of such alleged transfers, the THL Defendants were not "insiders" within the meaning of the Bankruptcy Code, as set forth in 11 U.S.C. §§ 547(i) and 550(c).

### TWENTY-FIFTH DEFENSE

25.   In the event that Plaintiff, on behalf of Refco, is awarded any amount against any of the THL Defendants, such award should be reduced through setoff by the amount of such THL Defendant's claims against Refco, including but not limited to such THL Defendant's claims for indemnification, fraud, contribution, and breach of contract.

### TWENTY-SIXTH DEFENSE

26.   In the event that Plaintiff, on behalf of Refco, is awarded any amount against any of the THL Defendants, such award should be reduced through recoupment by the amount of such THL Defendant's claims against Refco arising out of the same transaction on which such award is based, including but not limited to such defendant's claims for indemnification, fraud, contribution, and breach of contract.

### TWENTY-SEVENTH DEFENSE

27.   Any damages awarded to the Plaintiff and the entities and persons he purports to represent must be reduced by any recovery (whether by judgment, settlement or otherwise) obtained by Plaintiff from other persons and entities, and cannot, in any event, exceed

the THL Defendants' proportionate responsibility, if any, for any damage or injury to Plaintiff and the entities and persons he purports to represent.

### TWENTY-EIGHTH DEFENSE

28. The THL Defendants have been named, and/or may be named, as defendants in one or more lawsuits or other legal or regulatory proceedings arising out of the fraudulent scheme perpetrated by Bennett and his co-conspirators. Any such claims against the THL Defendants are without merit, given that the THL Defendants had no involvement in, or knowledge of, that scheme. In connection with these actions, and other proceedings arising from the fraud, the THL Defendants have incurred and continue to incur significant legal fees and expenses. In addition, in the event that any liability attaches to any THL Defendant as a result of the claims made in these other actions, such liability only could arise from the acts of Bennett, his co-conspirators and others acting on his or their behalf. Accordingly, any judgment entered against any of the THL Defendants should be reduced by any and all liabilities, judgments, settlements, damages, obligations, interest, claims, demands, fines, penalties, expenses, fees (including attorneys' fees) and other losses, in any amount, that are or may become due or incurred by the THL Defendants arising out of the matters set forth above, including pursuant to: (a) state law; (b) the federal securities laws; and/or (c) the Securityholders Agreement.

### TWENTY-NINTH DEFENSE

29. Some or all of the Plaintiff's claims are not properly triable before a jury.

### THIRTIETH DEFENSE

30. The THL Defendants reserve the right to assert additional defenses and/or affirmative defenses as may be appropriate.

\* \* \*

WHEREFORE, the THL Defendants pray for judgment as follows:

1. For a judgment and decree dismissing the Complaint with prejudice;

2. For a judgment and decree awarding costs, including attorneys' fees; and

3. For such other and further relief as the Court may deem just and proper under the circumstances.

Dated:   October 23, 2007
         New York, New York

    WEIL, GOTSHAL & MANGES LLP

    _____
    Greg A. Danilow (GD-1621)
    767 Fifth Avenue
    New York, New York 10153
    (212) 310-8000

    -and-

    PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP
    Richard Rosen
    1285 Avenue of the Americas
    New York, New York 10019
    (212) 373-3000

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, JOSHUA S. AMSEL, an attorney admitted to this Court, do hereby certify, under penalty of perjury, that I have today caused a copy of the annexed Answer to the Complaint to be served upon the following counsel for plaintiff by depositing true copies of same in a properly addressed wrapper for first class mail delivery:

Scott A. Edelman
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Andrew E. Tomback
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Kylie L. Davidson
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Luc A. Despins
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Dated:  New York, New York
        October 23, 2007

_____
Joshua S. Amsel (JA-0321)